IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROY LEE SMITH, Jr. | § | |
| | § | |
| v. | § | Case No. 2:14-CV-0861-RSP |
| | § | |
| REGIONS BANK | § | |

## MEMORANDUM RULING ON ATTORNEY'S FEES

Following a bench trial in this matter on April 29, 2015, the Court entered a judgment in favor of Plaintiff, Roy Lee Smith, Jr., as the Independent Administrator of the Estate of Ruben Albert Smith, and against Defendant, Regions Bank, in the amount of $125,812.55, together with interest and costs. Plaintiff has now filed a Motion for Attorneys' Fees and Costs (Dkt. No. 63) seeking an award of fees under Texas Civil Practice and Remedies Code section 38.001 in the amount of $96,626.00, and taxable costs in the amount of $2,095.54.

Defendant objects to the hourly rates sought, which range from $375 to $500 per hour, contends that there was unnecessary duplication of effort between the three counsel for plaintiff, contends that the paralegal fees sought should really be subsumed in the overhead built into the attorneys' fee rates, and objects to the two $300 charges for video depositions included in the costs sought. Defendant argues that $45,000 is the appropriate attorneys' fee and that costs should be limited to $1,495.54.

The Court is familiar with the factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and has considered them in deciding this motion. The Court is familiar with the experience, reputation and ability of Plaintiff's counsel, which is excellent.

1

They displayed appropriate skill and efficiency and achieved excellent results in their representation of Plaintiff in this matter. While the rates sought are customary for certain types of litigation in this Court, the issues in this case do not place it in that category. Accordingly, the Court has adjusted the fee. The Court has not increased the fee to account for the contingent nature of the recovery, so it does not matter whether Plaintiff's fee agreement was a contingent one. The Court has considered the affidavit of Mr. Gillam, which it finds to be timely, as well as the supporting materials filed by Defendant.

The Court finds the paralegal time to be largely recoverable. Defendant is correct that secretarial support is encompassed in the attorneys' reasonable rates. While the fact that Ms. Allred refers to "typing" of documents in her time records might suggest otherwise, the Court is satisfied that she was preparing the documents herself, as opposed to merely typing documents dictated by attorneys, since there are no billing entries from the attorneys relating to these documents beforehand. The attorneys themselves often "type" their own documents today, as does the undersigned.

It is common for parties to choose the convenience of dividing the representation among multiple counsel and paralegals. However, the Court must and has made some discount to account for the duplication of effort involved. Considering all of the arguments of counsel and the entire record in this matter, the Court finds that $84,751 is the appropriate attorneys' fee in this matter. The Court also finds that the video depositions are properly taxable and will tax costs at $2,095.54.

No award is made herein for future attorneys' fees that may be required in the event of post-trial motions or appeal. Those fees will be left to be determined, if necessary, by future motion practice. An Amended Judgment will issue.

**SIGNED this 15th day of June, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE